BROWNSTEIN THOMAS, LLP
Mark C. Thomas (SBN: 215580)
353 Sacramento Street, Suite 1140
San Francisco, CA 94104
415-986-1338
415-986-1231 facsimile

LAW OFFICE OF STEPHEN J. GOROG
Stephen J. Gorog (SBN: 207788)
353 Sacramento Street, Suite 1140
San Francisco, CA 94111
415-986-1338
415-986-1231 facsimile

Attorneys for Plaintiff
Carolyn Clary

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN CLARY,<br><br>              Plaintiff,<br><br>       vs.<br><br>WAL-MART STORES, INC.,<br><br>              Defendant. | Case No.:<br><br>**COMPLAINT FOR: (1) VIOLATION OF THE AMERICANS WITH DISABILITIES ACT; (2) VIOLATION OF THE UNRUH ACT; (3) DENIAL OF EQUAL ACCESS; AND (4) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

Plaintiff Carolyn Clary (hereinafter "Clary" or "Plaintiff") hereby alleges as follows:

**JURISDICTION AND VENUE**

1.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331 and the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. This Court has supplemental jurisdiction over the California state-law claims pursuant to 28 U.S.C. § 1367.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) in that a substantial part of the events or omissions giving rise to this action occurred in the

Northern District of California.  Moreover, Wal-Mart Stores, Inc. is licensed to do business and is doing business in California, and may be found in the Northern District of California.

## PARTIES

3.      Plaintiff is an individual over the age of eighteen (18) and at all relevant times, was a resident of California.  Plaintiff suffers from cancer, which causes seizures.  She is therefore a "person with a disability" and "physically handicapped person" as defined by the Americans with Disabilities Act ("ADA") and California law.

4.      Defendant Wal-Mart Stores, Inc. ("Walmart" or "Defendant") is a corporation organized under the laws of the state of Delaware.  Defendant owns and operates the Walmart store in San Leandro, California, which is a public accommodation as defined by the ADA and California law.

## GENERAL ALLEGATIONS

5.      Clary suffers from cancer, which causes her seizures.  She uses a service dog to alert her to when she is having a seizure.

6.      On or around August 30, 2016, Clary went to Walmart.  Clary brought her service dog to Walmart.  When Clary attempted to enter the Walmart, she was told that she could not bring her service dog into the store.  She showed Defendant her service dog's documentation. Despite the documentation, Clary was not allowed to enter the store.

7.      Clary approached a Walmart manager and explained that her dog was a service dog.  The Walmart manager told Clary the dog was not allowed in the store.  Clary further stated that she was only at the store to use the Western Union.  The manager escorted Clary to the Western Union and brought her to the front of the line.  The manager told the Western Union representative to serve Clary first so they could get her out of the store.

8.      After Clary completed her Western Union transaction, she attempted to use the restroom.  Clary was told that she was not permitted to use the restroom and forced to leave.

///

///

# FIRST CLAIM FOR RELIEF

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

### (42 U.S.C. § 12101 *et seq.)*

9.     Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

10.     The purpose of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12102): (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent enforcement standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

11.     Pursuant to § 302 of the ADA, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

12.     The ADA specifically prohibits the following discriminatory conduct:

(i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals (not including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift), where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

13.    Defendant discriminated against Clary in violation of the ADA by refusing to allow her service dog in Walmart and refusing to allow Clary to use the restroom because of her service dog.  As a direct and proximate cause of the Defendant's discrimination, Plaintiff suffered emotional and nervous pain and suffering.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE UNRUH ACT

### (Civil Code Section 51 *et seq.*)

14.    Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

15.    California Civil Code § 51 provides that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.

16.    California Civil Code § 51(f) provides that a violation of the Americans with Disabilities Act is also a violation of the Unruh Act.

17. Plaintiff is a disabled person as defined by the Unruh Act.

18. Defendant discriminated against Clary in violation of Civil Code section 51 by refusing to allow her service dog in Walmart and refusing to allow Clary to use the restroom because of her service dog. As a direct and proximate cause of the Defendant's discrimination, Plaintiff suffered emotional and nervous pain and suffering.

19. Pursuant to Civil Code section 52, Plaintiff seeks triple the amount of her actual damages.

20. By illegally discriminating against Plaintiff, Defendant acted with oppression, fraud and malice, in conscious derogation of Plaintiff's rights under applicable law. Plaintiff is entitled to punitive damages in an amount to be determined at trial, which amount would be appropriate to punish or set an example of Defendant.

WHEREFORE, Plaintiff prays for relief as set forth below.

### THIRD CLAIM FOR RELIEF

### DENIAL OF EQUAL ACCESS

**(Civil Code § 54 *et seq.*)**

21. Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

22. California Civil Code § 54 provides that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.

23. California Civil Code § 54 provides that a violation of the Americans with Disabilities Act is also a violation of the Unruh Act.

24. Plaintiff is a disabled person as defined by the Unruh Act.

25. Defendant denied Clary equal access in violation of Civil Code section 54 by refusing to allow her service dog in Walmart and refusing to allow Clary to use the restroom because of her service dog. As a direct and proximate cause of the Defendant's discrimination, Plaintiff suffered emotional and nervous pain and suffering.

26. By illegally denying access to Plaintiff, Defendant acted with oppression, fraud and malice, in conscious derogation of Plaintiff's rights under applicable law. Plaintiff is

entitled to punitive damages in an amount to be determined at trial, which amount would be appropriate to punish or set an example of Defendant.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FORTH CLAIM FOR RELIEF

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27.     Plaintiff incorporates herein each of the foregoing paragraphs as though fully set forth herein.

28.     By refusing to allow Plaintiff's service dog into Walmart, Defendant's conduct was outrageous and in violation of the ADA and other statutes.

29.     Defendant intended to cause Plaintiff emotional distress and/or acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

30.     Plaintiff suffered severe emotional distress.

31.     Defendant's conduct was a substantial factor in causing Plaintiff's severe emotional distress.

32.     By illegally denying access to Plaintiff, Defendant acted with oppression, fraud and malice, in conscious derogation of Plaintiff's rights under applicable law.  Plaintiff is entitled to punitive damages in an amount to be determined at trial, which amount would be appropriate to punish or set an example of Defendant.

WHEREFORE, Plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.     For compensatory damages in amounts to be determined at trial;

2.     For treble damages allowed pursuant to Civil Code section 52;

3.     For punitive damages in amount to be determined at trial;

4.     For pre-judgment interest to the extent permitted by law;

5.     For an award of attorneys' fees, costs and expenses incurred in the prosecution of this action; and

6.     For such other and further relief as the Court may deem proper.

1

2 DATED: November 8, 2016

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROWNSTEIN THOMAS, LLP

*/S/ Mark C. Thomas*
MARK C. THOMAS
Attorneys for Plaintiff
Carolyn Clary

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues raised in the Complaint.

BROWNSTEIN THOMAS, LLP

DATED: November 8, 2016

*/S/ Mark C. Thomas*
MARK C. THOMAS
Attorneys for Plaintiff
Carolyn Clary